UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT MECEA,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                           23-CV-8409 (OEM)(MMH)

      -against-

YID INFO INC.,

                Defendant.
-----------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

      Before the Court is the Report and Recommendation of Magistrate Judge Marcia M. Henry, dated March 11, 2025 ("R&R"), ECF 18, on Plaintiff Robert Mecea's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55.2(b), ECF 12, 15. The R&R recommends that the Court enter a default judgment in favor of Plaintiff awarding (1) statutory damages under the Copyright Act in the amount of $15,780.00, (2) attorneys' fees in the amount of $3,367.50, and (3) $462.00 in costs. Further, the R&R recommends that the Court deny all other requested relief. *See* R&R at 22. Plaintiff timely filed objections to the R&R only regarding attorneys' fees. Plaintiff's Objections ("Obj."), ECF 19.

      For the following reasons, Plaintiff's objections are sustained in part, and the R&R is adopted in part and modified in part.

### BACKGROUND

      The Court assumes the parties' familiarity with the factual and procedural history of this case as set forth in the R&R. Briefly, according to the complaint, Plaintiff is a photographer who owns and published certain photographs that he commercially licenses. Complaint ("Compl."), ECF 1, ¶ 11. As relevant here, Plaintiff registered four of his photographs with the United States Copyright Office. *Id.* ¶¶ 18, 23, 28, 33. On April 11, 2022, Plaintiff discovered that Defendant

1

copied and displayed those four protected photographs on its website and/or social media accounts without Plaintiff's permission or license. *Id.* ¶¶ 40-72. Plaintiff alleges that Defendant benefited financially from the photographs' use, and that such use harmed Plaintiff. *Id.* ¶¶ 75-86, 91-94.

Plaintiff commenced this action on November 13, 2023. Defendants failed to appear, and the Clerk of Court entered default on February 7, 2024. ECF 11. Plaintiff moved for default judgment. ECF 12. On March 11, 2025, Magistrate Judge Henry issued the R&R. ECF 18.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted); *see Colvin v. Berryhill,* 734 F. App'x 756, 758 (2d Cir. 2018).

## DISCUSSION

### A. Default Judgment, Declaratory Relief and Costs

The R&R recommends that the Court enter default judgment in favor of Plaintiff with a total of $15,780.00 in statutory damages, R&R at 16, that Plaintiff be awarded $462.00 in costs, *id.* at 2, and that Plaintiff's request for a permanent injunction be denied, *id.* at 17. No party has objected to these recommendations. Therefore, the Court reviews these recommendations for clear

2

error.  *Jarvis*, 823 F. Supp. 2d at 163; Fed. R. Civ. P. 72(b), advisory committee's note.  Having found none, the Court adopts these portions of the R&R.

**B.      Attorneys' Fees**

   **1.      Hourly Rate**

Plaintiff objects to the R&R insofar as it recommends that this Court reduce Plaintiff's requested hourly rate as excessive.  Obj. at 2-7.

A court's award of attorneys' fees must be "reasonable."  *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011).  The prevailing approach for determining reasonableness is the "lodestar" method, in which courts multiply a reasonable hourly rate by a reasonable number of expended hours.  *See id.*; *see also Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010).  Determining the reasonable hourly rate begins by applying the "forum rule," in which courts "generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 192-93 (2d Cir. 2008) (citations omitted).  Courts will also consider several factors, including the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, awards given in similar cases, and the experience, reputation, and ability of counsel.  *See id.* at 186 n.3; *see also K.L. v. Warwick Valley Cent. Sch. Dist.,* 584 F. App'x 17, 19 (2d Cir. 2014).

In his motion for default judgment, Plaintiff requested that the Court award $4,700.00 in attorneys' fees.  Vera Decl., ECF 14, ¶ 25.  This request is based on an hourly rate of $750.00 per hour for partner Craig B. Sanders, *id.* ¶ 17; $550.00 per hour for senior associate Jonathan M. Cader, *id.* ¶ 19; $250.00 per hour for junior associate Joshua D. Vera, *id.* ¶ 15; and $125.00 per hour for paralegals Julie Busch, Ryan Feldman, and Laura Costigan, *id.* ¶¶ 20-22.

The R&R recommends that the Court award Plaintiff $3,367.50 in attorneys' fees, based on reasonable hourly rates of $450.00 for the partner in this case, $325 for the senior associate, $200 for the junior associate, and $100 for each paralegal.  R&R at 20.  In reducing Plaintiff's counsels' hourly rate, the R&R draws upon recent hourly rate awards in copyright cases in the Eastern District—finding that the forum rate ranged from "$300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff," *id.* at 18, as well as rates awarded to the Sanders Law Group upon a grant of default judgment in this district, *id.* at 19.

Plaintiff objects and requests this Court award fees as initially requested for the attorneys "so as to make the requested award commensurate with current market conditions and adjusting for inflation."[1]  Obj. at 2.  Plaintiff relies heavily upon a recent decision issued by District Judge Block in *Rubin v. HSBC Bank USA, NA*, addressing the stagnancy of the forum rate in this district. *See Rubin v. HSBC Bank USA, NA*, 20-CV-4566 (FB), 2025 WL 248253, at *5 (E.D.N.Y. Jan. 21, 2025) (collecting cases from 2009 through 2024 uniformly applying an hourly rate for partners at $300-$450, senior associates at $200-$325, and junior associates at $100-$200).  Judge Block proposes that, adjusted for inflation and given the current market conditions, "the forum rates in the Eastern District to now be $450-$650 for partners, $300-450 for senior associates, $150-$300 for junior associates, and $100-150 for paralegals."  *Id.* at *6.

The Second Circuit has stated that "the lodestar should be based on 'prevailing market rates'" and that "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment."  *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see Missouri v. Jenkins*, 491 U.S. 274, 284

---

[1] Plaintiff does not object to the R&R's recommendation of an hourly fee award of $100 for each paralegal in this case. *See generally* Obj.

4

(1989). With these principles in mind, the Court determines *de novo* the reasonable hourly rates for each attorney.

### a. Craig B. Sanders

Sanders, managing partner of the Sanders Law Group, seeks an hourly rate of $750.00 per hour. To support this rate, Sanders relies on the Report of the Economic Survey (2021) for the American Intellectual Property Law Association, the Laffey Matrix chart of hourly rates for attorneys and paralegals in the Washington D.C. area, and his fee awards within this District and the Southern District of New York. Vera Decl. ¶ 16. He also relies upon his 30-years of professional experience, which has heavily focused on litigating intellectual property matters. *Id.* ¶ 17.

Considering the other requisite factors, the Court sees this case as a straightforward matter of copyright infringement. Because Defendant did not appear, the case involved no conferences or hearings, motion practice (other than the instant, unopposed motion), or discovery, and it did not require significant labor or skill, or present particularly difficult issues. Further, the Court looks to fee awards in similar cases in this District. *See, e.g.*, *Fedorova v. DML News & Ent., Inc.*, 23-CV-07468 (OEM) (LGD), 2024 WL 5119108, at *8 (E.D.N.Y. Oct. 10, 2024), *adopted by* Order Adopting R. & R., *Fedorova v. DML News & Ent., Inc.*, 23-CV-7468 (OEM) (LGD) (Oct. 25, 2024) (finding $450 per hour fee award to Sanders, and $325.00 per hour to a senior associate was reasonable in copyright default case where the parties did not file objections to recommended rates); *but see BMaddox Enters. LLC v. Oskouie*, 17-CV-1889 (RA) (SLC), 2023 WL 1418049, at *4 (S.D.N.Y. Jan. 6, 2023) (in the Southern District "Courts awarding attorneys' fees in copyright cases have regularly found rates in the range of $400 to $750 an hour for partners to be reasonable") (collecting cases).

5

With these factors in mind, Sanders' requested hourly rate of $750.00 is excessive. The Court finds—considering Sanders' experience, the relatively simple posture of this case, and the current market rates—an hourly rate of $550.00 is reasonable.

### b. Jonathan M. Cader

Cader, a senior associate, seeks a rate of $550.00 per hour. Vera Decl. ¶ 18. Cader relies upon the same survey and market conditions as Sanders, as well as his experience litigating cases with a focus on consumer rights and intellectual property for the past nine years. *Id.* ¶ 19.

The Court finds that, for similar reasons described with respect to Sanders, an hourly rate of $550.00 is excessive. Considering the current market rate, Cader's experience, awards given in similar cases, and the relative difficulty of this case, a $325.00 per hour rate is reasonable.

### c. Joshua D. Vera

Vera, a junior associate, requests a rate of $250.00 per hour. Vera Decl. ¶ 14. Vera was admitted to practice law in 2021 and has maintained a focus on intellectual property during that time. *Id.* ¶ 15.

Considering the current market rate, Vera's experience, awards given in similar cases, and the relative difficulty of this case, the Court finds an hourly rate of $200.00 per hour is reasonable.

### d. Paralegals Ryan Feldman, Julie Busch, and Laura Costigan

The R&R recommends an hourly fee award of $100.00 for the three paralegals on this case. No party has objected to this recommendation; therefore, the Court reviews this recommendation for clear error. Having found none, the Court adopts the hourly rate of $100.00.

## 2. Reasonable Hours Expended

The R&R recommends that the Court find that the number of hours expended in this case, as supported by itemized billing records, is reasonable. R&R at 20. No party has objected to these

recommendations; therefore, the Court reviews these recommendations for clear error. Having found none, the Court adopts the number of hours billed in this case.

Consistent with the Court's revised fee award, the presumptively reasonable attorney fee award is $3,437.50, calculated as follows:

| Biller | Total Hours Billed | Revised Hourly Rate | Subtotal |
|---|---|---|---|
| Craig Sanders | 0.7 | $550.00 | $385.00 |
| Jonathan Cader | 2.5 | $325.00 | $812.50 |
| Joshua Vera | 9.4 | $200.00 | $1880.00 |
| Ryan Feldman | 2.9 | $100.00 | $290.00 |
| Julie Busch | 0.3 | $100.00 | $30.00 |
| Laura Costigan | 0.4 | $100.00 | $40.00 |
| **Total** | **16.2** | | **$3,437.50** |

## CONCLUSION

For the foregoing reasons, the Court sustains in part and overrules in part Plaintiff's objections regarding the R&R's recommendation on Plaintiff's award for attorneys' fees. The Court accepts and adopts the R&R's recommendation that Plaintiff be awarded statutory damages in the amount of $15,780.00 and costs in the amount of $462.00, and that all other requested relief be denied. Accordingly, the Court grants in part and denies in part Plaintiff's Motion for Default Judgment. Plaintiff is hereby awarded (1) statutory damages in the amount of $15,780.00, (2) attorneys' fees in the amount of $3,437.50, and (3) $462.00 in costs. All other requested relief is denied.

SO ORDERED.

_/s/_
ORELIA E. MERCHANT
United States District Judge

Dated: March 27, 2025
Brooklyn, New York